**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 11 C 1177 |
| EDWARD BINERT. | Judge James B. Zagel |

**ORDER DENYING MOTION TO VACATE SENTENCE**

Edward Binert seeks relief under Section 2255. He pled guilty to four counts in an indictment: armed bank robbery with hostages taken, using a firearm during a crime of violence and two counts of bank robbery. The plea agreement set forth the factual basis of each charge and acknowledgement of the various sentencing provisions including the fact that the firearm offense required a sentence of seven years to run consecutive to sentence on the other counts. The sentence was predictably stiff; a total sentence of 228 months (plus an order of restitution of over $149,000, a period of supervised release and the mandatory assessments) imposed on 14 Nov 2004. Binert did not appeal and did not file any other petition.

This petition does not challenge any aspect of the plea or the penalty. What he challenges is the fact that the Bureau of Prisons is forcing him to participate in the Inmate Financial Responsibility Program ("Program") which is supposed to be voluntary. Binert does not think the courts have the power to force his participation. Finally he does not think he owes the banks anything because he asserts their losses have been paid by insurers. He adds claims that he failed to understand his plea or and his sentence was not consistent with the Guidelines. None of his claims are clearly articulated except his complaints about the Program.

This petition comes too late. It is filed far beyond the one-year statute of limitations. The claims here (except perhaps those about the Program) could have been brought on direct appeal. He did not appeal. Under the plea agreement he waived his right to challenge the

sentence in a collateral proceeding such as this one.

 My judgment did not compel Petitioner's participation in the Program he does not want to enter. I made reference to the Program in reference to payments from that Program. Oddly enough, while Petitioner cannot proceed with his vague challenges to his sentence, he can (as the Government fairly tells him) by filing for a writ of habeas corpus under 28 U.S.C. Section 2241. He would, however, have to file that suit in a federal district court in which he is held in custody. At last notice he was incarcerated in the Eastern District of Michigan. He is advised he must first exhaust his administrative remedies before going to court. In short he has to follow the prison's grievance process. The relevant cases on this point are *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) and *United States v. Diggs*, 578 F.3d 318 (5th Cir. 2009).

 In short, his petition is filed too late, it raises issues which he has waived either in the plea agreement or by his failure to appeal.

 The petition is dismissed.

         ENTER:

         *[signature: James B. Zagel]*

         James B. Zagel
         United States District Judge

DATE: December 19, 2012